SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
WYNTER L. DEAGLE, Cal Bar No. 296501
wdeagle@sheppard.com
ANNE-MARIE D. DAO, Cal Bar No. 282632
adao@sheppard.com
DANIEL BIRMINGHAM, Cal Bar No. 357351
dbirmingham@sheppard.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone: 858.720.8900
Facsimile: 858.509.3691

SAMUEL Z. HYAMS-MILLARD, Cal Bar No. 317941
shyams-millard@sheppard.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947

Attorneys for Defendant Pinterest, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

CHRISTIAN CALCINES, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PINTEREST, INC.,

Defendant.

Case No. 2:26-cv-02154-FMO-RAO

**DEFENDANT PINTEREST, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

*Filed concurrently with Declaration of Wynter L. Deagle, Request for Judicial Notice, and [Proposed] Order*

Date: October 8, 2026
Time: 10:00 a.m.
Crtrm.: 6D

Judge: Hon. Fernando M. Olguin
Magistrate: Hon. Rozella A. Oliver

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ 3
I. INTRODUCTION ........ 6
II. FACTUAL BACKGROUND ........ 7
III. LEGAL STANDARDS ........ 9
IV. ARGUMENT ........ 10
A. Plaintiff's Motion Is Brought in Bad Faith as a Continuation of Bursor's Forum-Shopping Campaign ........ 10
B. The Proposed Amendment Would Cause Undue Prejudice to Pinterest ........ 12
C. Plaintiff Unduly Delayed and Failed to Comply with the Court's Meet-and-Confer Requirements ........ 14
D. The Proposed Amendment Is Futile ........ 15
V. CONCLUSION ........ 16

# TABLE OF AUTHORITIES

Page(s)

Cases

*Acri v. Int'l Ass'n of Machinists & Aerospace Workers*
781 F.2d 1393 (9th Cir. 1986) .......... 11, 15

*AmerisourceBergen Corp. v. Dialysist West, Inc.*
465 F.3d 946 (9th Cir. 2006) .......... 14

*Ascon Props., Inc. v. Mobil Oil Co.*
886 F.2d 1149 (9th Cir. 1989) .......... 12

*Bouie v. Equistar Chems. LP*
188 F. App'x 233 (5th Cir. 2006) .......... 10

*Bowles v. Reade*
198 F.3d 752 (9th Cir. 1999) .......... 14

*Brown v. Trove Brands LLC*
No. 3:26-cv-01774 (N.D. Cal.) .......... 8

*Charles v. Snap Inc.*
No. 2:26-cv-04928 (C.D. Cal.) .......... 8, 11, 12, 14

*Clark v. Instant Checkmate LLC, et al.*
No. 1:25-cv-02724 (D. Colo.) .......... 9

*Couture v. OpenAI Global, LLC*
No. 3:26-cv-03000 (S.D. Cal.). .......... 8

*Deneus-Coley v. Fresno Cmty. Hosp. & Med. Ctr.*
No. 1:25-CV-00306-JLT-HBK, 2025 WL 1898083 (E.D. Cal. July 9, 2025) .......... 10, 11, 13

*Dixon v. Trove Brands, LLC*
No. 2:26-cv-01646 (E.D. Cal.) .......... 8

*Doe v. Eating Recovery Ctr. LLC*
806 F. Supp. 3d 1109 (N.D. Cal. 2025) .......... 6

*E. Tex. Motor Freight Sys. v. Rodriguez*
431 U.S. 395 (1977) .......... 15

*Financial Pacific Insurance Co. v. United States Fire Insurance Co.*
Case No. CV 19-7938 PSG (AGRx), 2020 WL 2743817 (C.D. Cal. Mar. 11, 2020) .......... 13

*Foman v. Davis*
371 U.S. 178 (1962) .......... 10

*Heilman v. Silva*
No. 13CV2984-JLS-MDD, 2015 WL 14103214 (S.D. Cal. July 21, 2015*)*, *adopted*, 2015 WL 14103226 (S.D. Cal. Sept. 2, 2015) .......... 11

*Hernandez v. DMSI Staffing, LLC*
79 F. Supp. 3d 1054 (N.D. Cal. 2015), *aff'd*, 677 F. App'x 359 (9th Cir. 2017) .......... 10

*Hofstetter v. Chase Home Finance, LLC*
751 F. Supp. 2d 1116 (N.D. Cal. 2010) .......... 13

*Jordan v. Cnty. of L.A.*
669 F.2d 1311 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982) .......... 14

*Koster v. Harris*
847 F.3d 646 (9th Cir. 2017) .......... 15

*Krzyzek v. OpenX Technologies, Inc.*
No. 3:25-cv-05588 (N.D. Cal) .......... 8

*Lessin v. Ford Motor Co.*
No. 19-CV-1082-AJB-AHG, 2025 WL 2898964 (S.D. Cal. Oct. 10, 2025) .......... 15, 16

*Lim v. OpenAI Global LLC*
No. 3:26-cv-04063 (N.D. Cal.) .......... 8

*Melenudo v. Central Research, Inc.*
No. 5:26-cv-03340 (N.D. Cal.) .......... 8

*Navarro v. Central Research Inc.*
No. 3:26-cv-02836 (N.D. Cal.) .......... 8

*Rice-Sherman v. Big Heart Pet Brands*
No. 19-cv-036130WHO, 2020 WL 5893444 (N.D. Cal. Oct. 5, 2020) .......... 13

*Rosholm v. Byb Brands, Inc.*
No. SACV151738JVSKESX, 2016 WL 1445592 (C.D. Cal. Feb. 22, 2016) ... 12

*Rubio v. Monsanto Co.*
181 F. Supp. 3d 746 (C.D. Cal. 2016) ... 6

*Sali v. Corona Reg'l Med. Ctr.*
909 F.3d 996 (9th Cir. 2018) ... 15

*Sorosky v. Burroughs Corp.*
826 F.2d 794 (9th Cir. 1987) ... 10

*United States v. United Healthcare Ins. Co.*
848 F.3d 1161 (9th Cir. 2016) ... 13

*Wal-Mart Stores, Inc. v. Dukes*
564 U.S. 338 (2011) ... 15

*Williams v. Tava Ventures, Inc.*
No. 3:23-CV-0854-L-BN, 2024 WL 620366 (N.D. Tex. Feb. 14, 2024) ... 11

*Yee v. Snap, Inc.*
No. 3:26-cv-01528 (N.D. Cal.) ... 8

*Zhu v. Pinterest, Inc.*
No. 3:26-cv-01529 (N.D. Cal.) ... 6, 7, 8

<u>Other Authorities</u>

Fed. R. Civ. P. 15(a)(2) ... 7, 9

Fed. R. Civ. P. 23(a) ... 15

# I. INTRODUCTION

Plaintiff Christian Calcines' ("Plaintiff") Motion for Leave to File Amended Complaint (ECF No. 31, the "Motion") seeks leave to add an additional representative plaintiff—not to cure any deficiency or advance any new claim, but as the latest maneuver in a calculated forum-shopping campaign by Plaintiff's counsel, Bursor & Fisher, P.A. ("Bursor"). This is precisely the type of bad faith strategy that warrants denying leave to amend.

As Defendant Pinterest, Inc. ("Pinterest") will demonstrate in its forthcoming Motion to Transfer Venue and Motion to Stay, Bursor filed this action in the Central District of California on the very same day it voluntarily dismissed a nearly identical action, *Zhu v. Pinterest, Inc.*, in the Northern District of California—immediately after that case was assigned to Judge Vince Chhabria. Judge Chhabria's well-publicized rulings have exposed the fundamental weaknesses of Bursor's wiretapping theories. *See, e.g.*, *Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1112, 1119 (N.D. Cal. 2025) (describing the statutory language and theories in cases like this one as "untenable" and a "total mess"). And this is not an isolated incident: Bursor has engaged in the same dismiss-and-refile tactic in at least four other subsequent pixel-tracking class actions. When one of those defendants, Snap Inc., filed a motion to transfer on the basis of bad faith forum shopping, Bursor promptly voluntarily dismissed the case rather than face an adverse ruling. Now, confronted with Pinterest's forthcoming Motion to Transfer this case back to the Northern District, Bursor seeks to add Mr. Weitz—a California-turned-New York resident—as a transparent anchor plaintiff designed to manufacture a false basis to claim his initial choice of forum should be honored and thereby defeat transfer. *See, e.g.*, *Rubio v. Monsanto Co.,* 181 F. Supp. 3d 746, 762 (C.D. Cal. 2016) ("[A] plaintiff's choice of venue is generally accorded deference.").

Beyond the bad faith pervading this record, Pinterest can establish the remaining factors relevant to whether leave to amend should be granted under

Federal Rule of Civil Procedure 15(a)(2), including prejudice, undue delay, and futility. Pinterest will be prejudiced by Plaintiff's proposed amendment because adding Mr. Weitz will require Pinterest to conduct additional discovery into his individual claims while its Motion to Transfer, Motion to Stay, and Motion to Dismiss remain pending, and would artificially anchor this case in the Central District to defeat transfer. Plaintiff appears to have unduly delayed in seeking amendment, as Plaintiff proposed amendment on its face demonstrates that Plaintiff could have sought amendment earlier. The proposed amendment is also futile because Weitz, a New York resident, cannot represent a subclass defined as including California residents, and his claims otherwise lack merit.

Finally, in further evidence of bad faith, undue delay, and prejudice to Pinterest, Plaintiff failed to comply with the Court's meet-and-confer requirements. Plaintiff provided Pinterest's counsel with less than 48 hours' notice before filing the Motion, in clear violation of this Court's Initial Standing Order and Local Rule 7-3, which require meet-and-confer efforts at least seven days before filing a motion. The Court should deny Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Pinterest is a publicly traded visual discovery platform headquartered in San Francisco, California—squarely within the Northern District of California. (Compl. ¶ 6.) On February 20, 2026, Bursor filed a putative class action against Pinterest in the Northern District of California, *Zhu v. Pinterest, Inc.*, No. 3:26-cv-01529 (the "Zhu Action"), asserting violations of the California Invasion of Privacy Act ("CIPA"), the Electronic Communications Privacy Act ("ECPA"), the Unfair Competition Law ("UCL"), and a claim for intrusion upon seclusion—all arising from the alleged use of the Pinterest Tag on third-party websites. (Declaration of W. Deagle (the "Deagle Decl."), Ex. A (*Zhu* Complaint).)

On February 25, 2026, the *Zhu* Action was assigned to Judge Chhabria. Just two days later—on February 27, 2026—Bursor filed a Notice of Voluntary

Dismissal Without Prejudice. (Deagle Decl., Ex. B (*Zhu* Notice of Voluntary Dismissal Without Prejudice).) That very same day, Bursor filed this action, *Calcines v. Pinterest, Inc.*, in the Central District. Plaintiff's Complaint is virtually identical to the *Zhu* Complaint: it asserts the same claims, relies on the same allegations, identifies the same websites, and targets the same technology. A majority of the paragraphs are copied verbatim. The only material difference is the substitution of a new named plaintiff, Christian Calcines, for Mr. Zhu.

The dismissal of the *Zhu* Complaint and pivoting to filing this lawsuit is not an isolated incident. In at least four other cases, Bursor followed the same playbook: filing a pixel-tracking class action in the Northern District, drawing Judge Chhabria, voluntarily dismissing, and refiling a substantially identical complaint, all save for one in another district, with a new named plaintiff. These include: *Yee v. Snap, Inc.*, No. 3:26-cv-01528 (N.D. Cal.) and *Charles v. Snap Inc.*, No. 2:26-cv-04928 (C.D. Cal.); *Brown v. Trove Brands LLC*, No. 3:26-cv-01774 (N.D. Cal.) and *Dixon v. Trove Brands, LLC*, No. 2:26-cv-01646 (E.D. Cal.); *Navarro v. Central Research Inc.*, No. 3:26-cv-02836 (N.D. Cal.) and *Melenudo v. Central Research, Inc.*, No. 5:26-cv-03340 (N.D. Cal.); and *Lim v. OpenAI Global LLC*, No. 3:26-cv-04063 (N.D. Cal.) and *Couture v. OpenAI Global, LLC*, No. 3:26-cv-03000 (S.D. Cal.). (Deagle Decl., Exs. C through J.) After Snap Inc. filed a motion to transfer based on Bursor's judge-shopping in *Charles v. Snap Inc.*, Bursor voluntarily dismissed that case rather than face an adverse ruling. (Deagle Decl., Ex. K (Snap Inc.'s Motion to Transfer); Deagle Decl., Ex. L (Notice of Voluntary Dismissal).)

Notably, Plaintiff himself is currently proceeding as a representative plaintiff in another web-tracking case in the Northern District of California—*Krzyzek v. OpenX Technologies, Inc.*, No. 3:25-cv-05588—also represented by Bursor. (Deagle Decl., Ex. M (*Krzyzek* Complaint).) That action was not assigned to Judge Chhabria, and Plaintiff (and his counsel) have been content to litigate there. The lesson is clear: Bursor's objection is not to the Northern District; it is to Judge Chhabria.

In addition, California federal courts are not the only fora where Bursor is forum shopping. In *Clark v. Instant Checkmate LLC, et al*., No. 1:25-cv-02724 (D. Colo.), Bursor is facing a motion for sanctions based on its voluntary dismissal of "cases when it perceives an unfavorable judge draw or when it believes it is likely to receive an unfavorable ruling . . . ." (Deagle Decl., Ex. N (Motion for Sanctions).)

In the present case, on September 10, 2026, as the deadline to amend the complaint was expiring, Plaintiff filed the instant Motion. As the redline of the proposed Amended Complaint makes clear, the purpose of the amendment is to add Ben Weitz—a New York resident—as an additional named plaintiff. Mr. Weitz has no apparent connection to the Central District. Plaintiff's counsel provided Pinterest with less than 48 hours' notice of its intent to file the Motion, sending the proposed Amended Complaint on September 8, 2026—in violation of the Court's Local Rules, which require meet-and-confer efforts at least seven days before filing a motion. (*See* Judge Olguin's Initial Standing Order at IV(A)(2); L.R. 7-3; Deagle Decl. ¶ 18.) Pinterest informed Plaintiff that it could not assess whether it would oppose the amendment in that compressed timeframe. Plaintiff proceeded to file regardless.

That same day, Pinterest informed Plaintiff that it would be filing a Motion to Transfer Venue to the Northern District of California and a Motion to Stay this entire action pending the outcome of the transfer motion. The parties met and conferred regarding these motions on September 15, 2026—the first mutually convenient date. In compliance with the Court's Local Rules, Pinterest cannot file its Motion to Transfer Venue or its Motion to Stay until September 22, 2026, and will do so on that date.

## III. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave when justice so requires." But this liberal standard is not without limits. Leave to amend may be denied where the opposing party demonstrates undue delay, bad

faith or dilatory motive, futility of amendment, or prejudice. *E.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[B]ad faith motive is a proper ground for denying leave to amend." *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987).

## IV. ARGUMENT

### A. <u>Plaintiff's Motion Is Brought in Bad Faith as a Continuation of Bursor's Forum-Shopping Campaign</u>

The record leaves no doubt that Plaintiff's Motion is driven by bad faith. Courts routinely deny leave to amend when a proposed amendment is a tactical maneuver designed to manipulate the forum or evade an adverse ruling. *See, e.g.*, *Hernandez v. DMSI Staffing, LLC*, 79 F. Supp. 3d 1054, 1060 (N.D. Cal. 2015) (denying leave to amend where plaintiff timed her motion "so that she could have the benefit of previewing" defendant's dispositive motion before abandoning the case), *aff'd*, 677 F. App'x 359 (9th Cir. 2017); *Deneus-Coley v. Fresno Cmty. Hosp. & Med. Ctr.*, No. 1:25-CV-00306-JLT-HBK, 2025 WL 1898083, at *9 (E.D. Cal. July 9, 2025) (denying leave where plaintiff's "actions lead the Court to conclude Plaintiff's motion to amend is a 'bad-faith attempt to engage in forum shopping'"); *Bouie v. Equistar Chems. LP*, 188 F. App'x 233, 238–39 (5th Cir. 2006) ("The district court properly found both bad faith and futility and, therefore, did not abuse its discretion in denying Bouie's motion for leave to amend.").

Here, Bursor has engaged in a systematic pattern of filing pixel-tracking class actions in the Northern District, drawing Judge Chhabria, voluntarily dismissing, and refiling nearly identical complaints elsewhere with new named plaintiffs. Bursor voluntarily dismissed the case against Snap when confronted with a substantively identical motion to transfer venue based on that very pattern. Now, faced with Pinterest's forthcoming Motion to Transfer this case back to the Northern District, Bursor seeks to add a new plaintiff—not because the case needs one, but as a transparent tactical maneuver to create an artificial tether to the Central District and defeat transfer. The Court should not permit it.

The substance of the proposed amendment further confirms bad faith. The only change Bursor seeks is the addition of Mr. Weitz as a named plaintiff—yet Plaintiff offers no explanation of why Mr. Weitz is "an additional class representative that will competently represent the class and whose experiences will serve to better represent the Class." (Mot. at 3:11–13, ECF No. 31.) "Plaintiff's filing of multiple complaints related to the same core facts suggests that Plaintiff may be engaged in judge shopping which would be a basis for a determination of bad faith." *Heilman v. Silva*, No. 13CV2984-JLS-MDD, 2015 WL 14103214, at *2 (S.D. Cal. July 21, 2015), *adopted*, 2015 WL 14103226 (S.D. Cal. Sept. 2, 2015). That is precisely what has occurred here. Bursor dismissed the Zhu Complaint in favor of the present Complaint—two substantively identical complaints—as part of a deliberate strategy to avoid Judge Chhabria. The addition of Mr. Weitz, with no new facts or claims, is merely the latest chapter in that strategy. This gambit should not be rewarded. *Deneus-Coley*, 2025 WL 1898083, at *9 ("The Court declines to set a precedent that would encourage parties to engage in similar [forum-shopping] behavior.").

The timing of Plaintiff's Motion is itself compelling evidence of bad faith. Plaintiff filed on September 10, 2026—the last day to amend the complaint under the Scheduling Order—and only after Snap filed a motion to transfer venue in *Charles v. Snap Inc.* that laid bare Bursor's forum-shopping. Courts have recognized that seeking to amend after being confronted with a pending dispositive or procedural motion is a hallmark of bad faith. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (district court did not abuse its discretion in denying leave to amend when delay in amendment "was a tactical choice" and the motion was brought to "avoid the possibility of an adverse [] ruling"); *Williams v. Tava Ventures, Inc.*, No. 3:23-CV-0854-L-BN, 2024 WL 620366, at *2 (N.D. Tex. Feb. 14, 2024) ("Plaintiffs' decision to add the three defendants smacks of legal prestidigitation which the court will not abide.").

Plaintiff also cannot take refuge in the general policy favoring amendments. Where, as here, the record reflects a documented pattern of conduct demonstrating bad faith, courts deny leave to amend. *Cf. Rosholm v. Byb Brands, Inc.*, No. SACV151738JVSKESX, 2016 WL 1445592, at *6 (C.D. Cal. Feb. 22, 2016) (finding no bad faith but suggesting that "persistent attempts . . . to evade meritorious motions to transfer venue out of district" could evidence bad faith). Unlike *Rosholm*, the record here is replete with evidence of a pattern: at least four dismiss-and-refile cycles by Bursor, each triggered by an assignment to Judge Chhabria, and the immediate dismissal of *Charles v. Snap Inc.* without opposition when confronted with motion to transfer exposing their forum-shopping strategy. This is precisely the kind of "persistent attempt[] . . . to evade meritorious motions" that courts recognize as bad faith. *Id.* In sum, Plaintiff's Motion is not an exercise of the liberal amendment policy—it is a calculated, bad-faith attempt to manipulate the forum at the expense of the judicial process. The Court should deny Plaintiff's Motion on this basis alone.

**B. <u>The Proposed Amendment Would Cause Undue Prejudice to Pinterest</u>**

The Ninth Circuit has found proposed amended complaints prejudicial where there have been extensive filings, incurring significant costs to each party, or new theories requiring additional discovery. *E.g.*, *Ascon Props., Inc. v. Mobil Oil Co.*, 886 F.2d 1149, 1161 (9th Cir. 1989). Adding Mr. Weitz as a named plaintiff would prejudice Pinterest in multiple respects. First, it would inject a new party with no alleged connection to the Central District, requiring Pinterest to engage in discovery directed at Mr. Weitz's individual claims, browsing activity, and damages—all while Pinterest's Motions to Transfer and to Stay (to be filed on September 22, 2026), and Motion to Dismiss (ECF No. 18) remain pending. Second, and more critically, the addition of Mr. Weitz is designed to artificially anchor this case in the Central District when it should, in the interests of justice, proceed in the Northern

District. Permitting the amendment despite Bursor's bad faith would force Pinterest to expend additional resources litigating the propriety of venue with—and conducting discovery involving—a new plaintiff, on top of the resources already devoted to Pinterest's forthcoming Motion to Transfer, Motion to Stay, and pending Motion to Dismiss. Coupled with Bursor's bad faith, Pinterest's expenditure of resources results in substantial prejudice to Pinterest. *Cf. United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) ("In the absence of bad faith, however, litigation expenses incurred before a motion to amend is filed do not establish prejudice."); *see also Deneus-Coley*, 2025 WL 1898083, at *9 (holding that defendant would be prejudiced if an amendment would permit the plaintiff to avoid the impact of an arbitration order that defendant spent considerable resources litigating).

Furthermore, Plaintiff's authorities are readily distinguishable. In *Hofstetter v. Chase Home Finance, LLC*, the additional class representative had been disclosed to defendants months before the motion for leave to amend, and the parties had discussed the new plaintiff at a discovery hearing. 751 F. Supp. 2d 1116, 1122 (N.D. Cal. 2010). Here, by contrast, Plaintiff failed even to satisfy the Court's seven day meet-and-confer requirements and never mentioned Mr. Weitz until raising this Motion mere days before the pleading amendment deadline. *Financial Pacific Insurance Co. v. United States Fire Insurance Co.* involved a factually narrower bodily-injury dispute, not a class action. No. CV 19-7938 PSG (AGRx), 2020 WL 2748317, at *1 (C.D. Cal. Mar. 11, 2020). Here, adding a representative plaintiff requires Pinterest to launch an entirely new investigation into another individual's vaguely identified internet browsing. Finally, in *Rice-Sherman v. Big Heart Pet Brands*, the court permitted the addition of a new class plaintiff only because the existing class plaintiffs had become unreachable during the COVID-19 pandemic and concurrent California wildfires—extraordinary circumstances with no parallel here. No. 19-cv-03613-WHO, 2020 WL 5893444, at *2 (N.D. Cal. Oct. 5, 2020).

The prejudice factor weighs decisively in favor of denying leave to amend.

### C. Plaintiff Unduly Delayed and Failed to Comply with the Court's Meet-and-Confer Requirements

A motion to amend may be denied "[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Jordan v. Cnty. of L.A.*, 669 F.2d 1311, 1324 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982). While undue delay alone is not enough to warrant denial of leave to amend, denial may be justified when the delay is the result of bad faith. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *see also AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) ("[I]n evaluating undue delay, we [] inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." (cleaned up)).

Here, Plaintiff waited until the last possible day—the September 10, 2026 amendment deadline—to file this Motion. Plaintiff's counsel sent Pinterest the proposed Amended Complaint on September 8, 2026, providing less than two full days to evaluate it. (Deagle Decl. ¶ 18, Ex. O.) This violates the Court's Local Rules. (*See* Judge Olguin's Initial Standing Order at IV(A)(2); L.R. 7-3.) The compressed timeline was itself tactical: Plaintiff almost certainly knew that Bursor's voluntary dismissal to avoid the adverse ruling in *Charles v. Snap Inc.* would prompt a similar motion from Pinterest. By filing at the deadline with inadequate notice, Bursor ensured that Pinterest could not meaningfully confer about the amendment before it was filed—depriving Pinterest of the collaborative process the Local Rules are designed to protect.

The delay is compounded by the absence of any explanation for its timing. Nothing in Plaintiff's Motion or proposed amendment suggests that Mr. Weitz was recently discovered or that new facts came to light necessitating his addition. To the contrary, the timing—filed in anticipation of Pinterest's Motion to Transfer—

confirms that the amendment is a reactive tactical maneuver, not the product of diligence. *See Acri*, 781 F.2d at 1398 (even under the liberal Rule 15 standard the court found no error in denying the motion to amend complaint where the delay was the result of a tactical decision).

**D. <u>The Proposed Amendment Is Futile</u>**

An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Lessin v. Ford Motor Co.*, No. 19-CV-1082-AJB-AHG, 2025 WL 2898964, at *3 (S.D. Cal. Oct. 10, 2025) (quoting *Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017)). Here, the proposed amendment is futile because Mr. Weitz cannot serve as a representative of the California subclass. Under binding precedent, "a class representative must be part of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011) (quoting *E. Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 403 (1977)); *see also Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1007 (9th Cir. 2018) ("A named plaintiff must be a member of the class she seeks to represent . . . ."). This principle is codified in Rule 23(a), which provides that "[o]ne or more *members of a class* may sue or be sued as representative parties on behalf of all members." Fed. R. Civ. P. 23(a) (emphasis added).

The Complaint defines the California subclass as: "All California residents who visited a website or mobile application where the Pinterest Tag was present while in California." (Compl. ¶ 147.) Mr. Weitz is not a California resident—he resides in New York. Because he is not a California resident, he is not, and cannot be, a member of the California subclass. A non-member of a class may not serve as its representative. *See Dukes*, 564 U.S. at 348–49; *E. Tex. Motor Freight*, 431 U.S. at 403; *Sali*, 909 F.3d at 1007. To the extent the proposed amendment seeks to have Mr. Weitz represent the California subclass, it is futile as a matter of law.

*Lessin* is directly on point. There, the court denied leave to amend where the proposed class representative was not a member of the class he sought to represent,

reasoning that "it would be futile for Plaintiffs to amend the complaint to name [him] as the . . . representative." 2025 WL 2898964, at *3–4. The same logic applies with equal force here: because Mr. Weitz does not satisfy the California subclass definition, adding him as its representative would be futile.

The proposed amendment is futile in a broader sense as well: it fails to accomplish any legitimate litigation objective. Although the proposed Amended Complaint drops Plaintiff's UCL claim, the primary purpose of, and the only addition to, the Complaint is the addition of Mr. Weitz as a named plaintiff. No new claims are asserted, no new factual theories are advanced, and no pleading deficiency is cured. Plaintiff is already a named plaintiff who purportedly can represent both the nationwide and California classes. Adding Mr. Weitz—a New York resident who contributes nothing to the litigation other than an attempted anchor to this District—serves no cognizable purpose.

## V. CONCLUSION

For these reasons, Plaintiff's Motion for Leave to File Amended Complaint should be denied. The proposed amendment is a calculated, bad-faith maneuver driven by forum-shopping motives. It would cause undue prejudice to Pinterest and was filed with inadequate notice in flagrant violation of the Court's Local Rules. This Court should not countenance Bursor's manipulation of the judicial process.

Pinterest respectfully requests that the Court deny Plaintiff's Motion for Leave to File Amended Complaint.

Dated: September 17, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ *Wynter L. Deagle*

WYNTER L. DEAGLE
ANNE-MARIE D. DAO
SAMUEL Z. HYAMS-MILLARD
DANIEL BIRMINGHAM
Attorneys for Defendant Pinterest, Inc.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Pinterest, Inc., certifies that this brief contains 3,626 words, which complies with the word limit of L.R. 11-6.1.

By */s/ Wynter L. Deagle*
WYNTER L. DEAGLE